UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| T. CRAIG ESCHRICH, | ) | Case No. 3:08CV1919 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | (Magistrate Judge McHargh) |
| ROBERT L. BRATTON, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner T. Craig Eschrich ("Eschrich") has filed a petition for a writ of

habeas corpus through counsel, arising out of his 2006 misdemeanor conviction for

reckless violation of a civil protection order, in the Ottawa County (Ohio) Municipal

Court.  In his petition, Eschrich raises twelve grounds for relief:

> 1.  The Petitioner was deprived of fundamental due process as
> guaranteed under the Fourteenth Amendment to the United States
> Constitution where a final civil stalking protection order was issued
> against him under R.C. 2903.214 even though the trial court failed
> give him notice of the full hearing/trial on the merits in violation of
> both the local court rules and R.C. 2903.214(D)(2)(a), and the trial
> court failed to comply with R.C. 2903.214(F), such that the order was
> transparently invalid and void and Petitioner could not be criminally
> convicted for failing to obey it.

2.  Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated where the trial court did not ensure that Petitioner waived his right to counsel knowingly, voluntarily intelligently before permitting him to represent himself during his criminal trial.

3.  The charging instrument, which was a complaint under Rule 3 of the Ohio Rules of Criminal Procedure, did not contain all the elements of the crime charged, and it charged the wrong elements, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4.  In violation of the Sixth Amendment and Fourteenth Amendments to the United States Constitution, trial counsel was ineffective in failing to raise the issue  concerning the fact that the charging document did not contain all the elements of the crime charged, and charged the wrong elements in violation of state law and the Fourteenth Amendment to the United States Constitution.

5.  In violation of the Sixth and Fourteenth Amendments to the United States Constitution, appellate counsel was ineffective in failing to raise on direct appeal that the charging instrument was defective because it did not contain all the elements of the crime charged under Ohio law and violated Mr. Eschrich's right to due process under the Fourteenth Amendment to the United States Constitution, and appellate counsel was further ineffective in failing to raise trial counsel's ineffectiveness in not raising this issue at trial.

6.  In violation of Petitioner's rights under the Fourteenth Amendment to the United States Constitution, the trial court's jury instructions did not instruct the jury on all the essential elements of the crime charged.

7.  Petitioner was deprived of his rights under the Sixth and Fourteenth Amendments to the United States Constitution because trial counsel was ineffective in failing to object the jury instructions which did not instruct the jury of the essential elements of the crime in violation of the Fourteenth Amendment to the United State Constitution and state law.

8. Petitioner was deprived of his rights under the Sixth and Fourteenth Amendments to the United States Constitution because appellate counsel was ineffective in failing to raise on direct appeal the defective jury instructions, and appellate counsel failed to raise trial

counsel's ineffectiveness in failing to object to the jury instructions which did not instruct the jury of the essential elements of the crime.

9.  The state presented insufficient evidence at trial to prove beyond a reasonable doubt that Petitioner committed each and every element of the crime with which he was charged, R.C. 2919.27(A), in violation of his rights under the Fourteenth Amendment to the United States Constitution.

10.  Petitioner was deprived of the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to raise on appeal, the fact the state presented insufficient evidence at trial to prove beyond a reasonable doubt that Petitioner committed each and every element of the crime with which he was charged, R.C. 2919.27(A), in violation of his rights under the Fourteenth Amendment to the  United States Constitution.

11.  Petitioner's conviction was against the manifest weight of the evidence in violation of his rights under the Fourteenth Amendment to the United States Constitution because the state's witnesses were not credible, and the credible evidence demonstrated a physical impossibility that Mr. Eschrich could have recklessly positioned himself within 500 feet of the protected person, which was the distance of separation required by the protection order.

12.  Petitioner was deprived of the effective assistance of appellate counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where counsel failed to raise on appeal that Petitioner's conviction was against the manifest weight of the evidence in violation of his rights under the Fourteenth Amendment to the United States Constitution.

(Doc. 1, at § 12.)

Eschrich is no longer in custody as a result of his misdemeanor conviction,

but seeks to have this court vacate his criminal conviction and sentence.  Id. at § 18.

3

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> This is an appeal from a judgment of conviction entered by the Ottawa
> County Municipal Court after a jury found defendant-appellant, T.
> Craig Eschrich, guilty of recklessly violating a protection order, a first
> degree misdemeanor.
>
> * * * * *
>
> Appellant is a licensed attorney who represented Melisa A. Fahey in
> her divorce. On February 15, 2006, the Ottawa County Court of
> Common Pleas in Fahey v. Eschrich, Ottawa County Common Pleas
> Case No. 05CVH-464, issued a final civil stalking protection order
> prohibiting appellant from having any contact with Melisa A. Fahey,
> her family or her property. Appellant filed objections to the
> magistrate's decision and a motion to set aside the judgment on the
> ground that he was never provided with notice of the February 15,
> 2006 final hearing on Fahey's petition. On March 13, 2006, the
> common pleas court entered a judgment overruling appellant's
> objections and denying the motion to set aside judgment. Appellant
> then appealed that ruling to this court.
>
> Meanwhile, on February 22, March 4, and March 7, 2006, Fahey
> reported to the Catawba Island Police Department incidents in which
> appellant violated the protection order by slowly driving by her home
> and following her. Complaints were ultimately filed against appellant
> regarding the February 22 and March 7 incidents, charging him with
> recklessly violating the terms of a protection order in violation of R.C.
> 2919.27(A), first degree misdemeanors. The cases proceeded to trial on
> September 19, 2006, at the conclusion of which a jury found appellant
> guilty of recklessly violating the protection order on March 7, 2006, but
> not guilty of the offense on February 22, 2006. The court referred the
> matter for a presentence investigation report and set the case for
> sentencing on November 15, 2006.
>
> On October 27, 2006, however, this court filed a decision and judgment
> entry in the underlying case of Fahey v. Eschrich, 6th Dist. No.
> TO-06-012, 2006-Ohio-5619, in which we invalidated the civil stalking
> protection order because appellant never received actual notice of the

final hearing on the merits of Fahey's petition. In light of this decision, appellant then filed with the trial court below a motion to vacate his conviction. The court denied the motion and proceeded to sentence appellant to 180 days incarceration with 150 days suspended on conditions. It is from that judgment that appellant now appeals.

(Doc. 9, RX 7, at 1-3; State v. Eschrich, No. OT-06-045, 2008 WL 2468572, at *1 (Ohio Ct. App. June 20, 2008).)

On direct appeal, Eschrich set forth three assignments of error:

1.  The Trial Court abused its discretion by failing to vacate its decision, upon timely motion by appellant, and further by proceeding to sentencing, because the Civil Protection Order allegedly violated in this matter was overturned on appeal for want of notice, rendering the Trial Court's decision void ab initio for lack of jurisdiction.

2.  The Trial Court abused its discretion by sentencing appellant in disregard of the Appellate Court's decision vacating the civil protective order that was the legal and factual basis of the case against Appellant.

3.  The Trial court violated Appellant's Constitutional and procedural rights in failing to advise the Defendant of his right to counsel.

(Doc. 9, RX 9.)  The state court of appeals affirmed his conviction.  (Doc. 9, RX 7, at 8-9; Eschrich, 2008 WL 2468572, at *4.)  The court noted, in part:  "At the time that appellant violated the protective order in the present case, it had not yet been declared invalid by order of this court.  Accordingly, his reckless violation of that order was a crime . . ."  (Doc. 9, RX 7, at 6; Eschrich, 2008 WL 2468572, at *3.)

Eschrich filed an appeal with the Supreme Court of Ohio, setting forth two propositions of law:

1.  A final civil stalking protection order issued purportedly under R.C. 2903.214 where the court has failed to give notice of the full hearing to respondent in violation of both the local rules and R.C. 2903.214

5

(D)(2)(a), deprives the respondent of fundamental due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution and is thus transparently invalid and void, such that the respondent may not be criminally convicted of recklessly violating it under R.C. 2919.27(A)(2).

2.  The Sixth Amendment to the United States Constitution, along with Section 10, Article I of the Ohio Constitution and Ohio Crim. Rule 44 require that a criminal defendant may not be permitted to represent himself at trial unless the trial court ensures that the defendant has knowingly, voluntarily, and intelligently waived his right to counsel, in an on-the-record exchange of some sort, even if the criminal defendant is an attorney.

(Doc. 9, RX 11.)

On Oct. 15, 2008, the Supreme Court of Ohio denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 9, RX 8; State v. Eschrich, 119 Ohio St.3d 1489, 894 N.E.2d 1245 (2008).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a

> decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that claims 3-12 of the petition are barred as procedurally defaulted, because Eschrich did not exhaust these claims in the state courts.  (Doc. 9, at 5, 9.)  Eschrich does not contest that grounds 3, 4, 5, 11, and 12

7

were not exhausted. See generally doc. 15. However, he claims that grounds 6, 7, 8, 9, and 10 are not barred by the doctrine of procedural default. (Doc. 15, at 7-18.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); see also Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Eschrich did not raise the claims in the 6th, 7th, 8th, 9th, and 10th grounds of the petition before the Ohio Court of Appeals on direct appeal.  Because the claims were not raised, they are barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967)

9

(syllabus, ¶9).  Res judicata would bar Eschrich from litigating an issue that could

have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

The Ohio rule of res judicata satisfies the first three factors in Maupin.

Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate

that there was cause for him not to follow the procedural rule, and that he was

actually prejudiced by the alleged constitutional error.  "Cause" for a procedural

default is ordinarily shown by "some objective factor external to the defense" which

impeded the petitioner's efforts to comply with the state's procedural rule.

Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Eschrich does not argue cause.  Rather, Eschrich argues that his procedural

default of those claims should be excused under the "fundamental miscarriage of

justice" exception.  (Doc. 15, at 8, quoting Coleman, 501 U.S. at 750.)  Eschrich

asserts (verbatim):

> Due to the fact that the trial court failed to instruct the jurors on all
> the essential elements of the offense (Ground Six), and because
> insufficient evidence exists to support the conviction (Grounds Nine),
> and as a result of counsel's failure to raise the jury instruction error at
> trial (Ground Seven), and the failure of appellate counsel to raise
> either of these issues on appeal (Grounds and Eight, Ten),
> constitutional errors have probably resulted in the conviction of one
> who is actually innocent.

(Doc. 15, at 9.)

The  fundamental miscarriage of justice exception applies only to a "narrow

range of cases."  Schlup v. Delo, 513 U.S. 298, 314-315 (1995) (quoting McCleskey v.

Zant, 499 U.S. 467, 494 (1991)).  The Supreme Court has instructed that the

exception should remain "rare," applied only in the "extraordinary case." Id. at 321.

The  fundamental miscarriage of justice exception is explicitly linked to a showing

of the petitioner's actual innocence.  Id.

In this context, the Supreme Court stated that the meaning of actual

innocence:

> . . .  does not merely require a showing that a reasonable doubt exists
> in the light of the new evidence, but rather that no reasonable juror
> would have found the defendant guilty.  It is not the district court's
> independent judgment as to whether reasonable doubt exists that the
> standard addresses; rather the standard requires the district court to
> make a probabilistic determination about what reasonable, properly
> instructed jurors would do.  Thus, a petitioner does not meet the
> threshold requirement unless he persuades the district court that, in
> light of the new evidence, no juror, acting reasonably, would have
> voted to find him guilty beyond a reasonable doubt.

Schlup, 513 U.S. at 329 (emphasis added).  See, e.g., In re Byrd, 269 F.3d 561, 573-

574 (6th Cir. 2001) (petitioner must show it's more likely than not that no

reasonable juror would have convicted in light of new evidence); Taylor v. Mitchell,

296 F.Supp.2d 784, 796 (N.D. Ohio 2003).

Without new evidence of innocence, even the existence of a meritorious

constitutional violation is not sufficient to establish the miscarriage of justice

exception that would allow this habeas court to reach the merits of a procedurally

defaulted claim.  Souter v Jones, 395 F.3d 577, 589-590 (6th Cir. 2005) (citing

Schlup, 513 U.S. at 316).  Souter stated:

> To establish actual innocence, "a petitioner must show that it is more
> likely than not that no reasonable juror would have found petitioner
> guilty beyond a reasonable doubt." [Schlup, 513 U.S. at 327].   The
> [Supreme] Court has noted that "actual innocence means factual

11

innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851.

Souter, 395 F.3d at 590; see also Maag v. Konteh, No. 3:05CV1574, 2006 WL 2457820, at *1 (N.D. Ohio Aug. 23, 2006) (actual innocence means factual innocence).

It is Eschrich's burden to show that this is "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence." McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 129 S.Ct. 2824 (2009); Souter, 395 F.3d at 597-599.

While Eschrich proposes several constitutional violations which he alleges occurred during his trial (and appeal), he does not point to any evidence (new or old) of his actual innocence.  See generally doc. 15, at 9-18.  Eschrich has not persuaded this court that his case is that rare, extraordinary case in which the miscarriage of justice exception should apply  to excuse his procedural default.

The court finds that the third through twelfth grounds of the petition have been procedurally defaulted due to a failure to exhaust the claims in the state courts.

## IV.  DUE PROCESS CLAIM

The first ground of the petition claims that Eschrich's misdemeanor conviction violated his fundamental due process rights under the Fourteenth Amendment because the stalking protective order was invalid and void.

In overruling his assignment of error on this argument, the state court of appeals discussed cases finding that the invalidity of a protection order does not provide a defense to a willful violation of the order.  (Doc. 9, RX 7, at 5-6; Eschrich, 2008 WL 2468572, at \*3, citing, inter alia, United States v. United Mine Workers of America, 330 U.S. 258, 293 (1947).)  The court found:

> At the time that appellant violated the protective order in the present case, it had not yet been declared invalid by order of this court. Accordingly, his reckless violation of that order was a crime and the trial court did not err in denying his motion to vacate or in proceeding to sentence him.

(Doc. 9, RX 7, at 6; Eschrich, 2008 WL 2468572, at \*3.)  The respondent argues that the state court properly followed the law as set forth in U.S. v. U.M.W.A.  (Doc. 9, at 9-10.)

Eschrich contends that the protection order was "void and transparently invalid and was void" at the time he violated it.  (Doc. 15, at 19.)  He argues that he did not received proper notice of the final hearing, which took place on Feb. 15, 2006.  The state court of appeals, in a separate decision, found that he did not receive notice of that hearing.  See Fahey v. Eschrich, No. OT-06-012, 2006 WL 3041193, at \*1-\*2 (Ohio Ct. App. Oct. 27, 2006).

However, the conviction before this court concerns his March 7, 2006, violation of the protection order. Eschrich had actual notice of the stalking protection order prior to that date, because he was notified of the magistrate's decision issuing the final protection order, and he filed objections to that decision on Feb. 28, 2006. Fahey, 2006 WL 3041193, at *1; see also doc. 9, RX 7, at 2; Eschrich, 2008 WL 2468572, at *1. Thus, he had notice and an opportunity to be heard as to his challenge to the procedural aspects supporting the protection order.

The state court of appeals followed cases based on state law, as well as the U.S. Supreme Court in U.S. v. U.M.W.A., which ruled that an "order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." United Mine Workers, 330 U.S. at 293. Eschrich argues that a state court order need not be followed where effective remedies for adequate review do not exist, or where there is "an irretrievable surrender of constitutional guarantees," or where the order is "transparently invalid or patently frivolous." (Doc. 15, at 22, citing cases.)

The court is not persuaded by Eschrich's arguments. He had already invoked the state remedy for review, through his objections to the magistrate's order, which ultimately prevailed in the state court of appeals. See Fahey , 2006 WL 3041193. Eschrich has not shown that the stalking protection order itself was "transparently invalid or patently frivolous," merely that he was not properly notified under state law of a hearing regarding the order.

14

Eschrich has failed to show that the state court's decision is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  The petition should not be granted on the first ground.

## V. ASSISTANCE OF COUNSEL

The second ground of the petition is that Eschrich's constitutional rights were violated "where the trial court did not ensure that Petitioner waived his right to counsel knowingly, voluntarily intelligently before permitting him to represent himself during his criminal trial." (Doc. 1, at § 12.)

The state court of appeals rejected this argument, as follows:

> In the present case, appellant, as counsel, filed an entry of appearance stating that he was the attorney for the defendant, himself.  As counsel, he then signed a waiver of arraignment and, as such, waived his right to be informed of his constitutional rights as set forth in [Ohio] Crim.Rs. 5, 10 and 44.  We further note that appellant was represented by counsel, albeit himself.  Accordingly, his assertion that he did not knowingly, intelligently and voluntarily waive his right to counsel is disingenuous because he did not in fact waive his right to counsel.

(Doc. 9, RX 7, at 6; Eschrich, 2008 WL 2468572, at *4.)  Eschrich is a licensed attorney.  (RX 7, at 2; Eschrich, 2008 WL 2468572, at *1.)

Eschrich argues that there was nothing in the record to indicate that he was properly advised by the court before he "waived" his right to counsel.  (Doc. 15, at 25.)  As indicated by the state court, Eschrich did not "waive" his right to counsel; he was represented by an attorney (himself).  Indeed, the very first consideration that a court considers when a defendant states that he wishes to represent himself,

is whether he has ever studied law.  Bench Book for United States District Judges, § 1.02 (4th rev. ed. 2000).  The Sixth Circuit has found that a defendant who had "a high school education, was literate, was fully fluent in the English language, and had no apparent physical or psychological disabilities" was competent to represent himself.  United States v. McDowell, 814 F.2d 245, 250 (6th Cir. 1987).  In any event, Eschrich does not point to any Supreme Court case which establishes that a licensed attorney must be advised in any manner as to his right to counsel before he undertakes to represent himself at trial.

Because Eschrich exercised his constitutional right to present his own defense, he cannot raise an ineffective assistance of counsel claim as to his own performance.  Wilson v. Parker, 515 F.3d 682, 696 (6th Cir. 2008), cert. denied, 130 S.Ct. 113 (2009) (citing Faretta v. California, 422 U.S. 806, 834 (1975)); see also Cook v. Schriro, 538 F.3d 1000, 1029 (9th Cir. 2008), cert. denied, 129 S.Ct. 1033 (2009).

Eschrich has failed to show that the state court's decision is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  The petition should not be granted on the second ground.


## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Eschrich has failed to demonstrate that the state court's decisions on his first and second grounds were contrary to, or  involved an unreasonable application of, clearly established

16

Supreme Court precedent.  The third through twelfth grounds of the petition were

procedurally defaulted.


## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:  <u>  May 26, 2010  </u>                   <u>  /s/ Kenneth S. McHargh        </u>
                                                  Kenneth S. McHargh
                                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).