**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | | |
|---|---|---|
| **T. CRAIG ESCHRICH,** | ) | **CASE NO. 3:08CV1919** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **ROBERT L. BRATTON,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner T. Craig Eschrich, a licensed attorney, represented Melisa A. Fahey in her divorce.  On December 28, 2005, Fahey filed a Petition for a Civil Stalking Protection Order against Eschrich, pursuant to Ohio Revised Code § 2903.214.  On February 15, 2006, the Ottawa County Court of Common Pleas  issued a final Civil Stalking Protection Order prohibiting appellant from having any contact with Fahey, her family, or property.  Eschrich filed objections to the decision and a Motion to Set Aside the Judgment on the ground that he was never provided with notice of the February 15, 2006 final hearing on Fahey's petition.  On March 13, 2006, the Common Pleas Court

1

entered a judgment overruling Eschrich's objections and denying the Motion to Set Aside the Judgment.  Eschrich appealed that ruling to the Ohio Court of Appeals.

In the meantime, Fahey reported to the police three incidents in which Eschrich violated the protection order by either slowly driving by her home or following her.[1] Eventually, Fahey filed complaints against Eschrich for the February 22 and March 7 incidents, asserting that Eschrich recklessly violated the terms of the protection order. Eschrich represented himself at trial, and the jury found him guilty of the March, 7 2006 offense and not guilty of the February 22 offense.  Sentencing was set for November 15, 2006.

On October 27, 2006, the Sixth District Court of Appeals invalidated the Civil Stalking Protection Order because Eschrich never received actual notice of the hearing.[2]  Eschrich filed a Motion to Vacate his conviction in the trial court.  However, the court denied the motion and sentenced Eschrich to 180 days incarceration, 150 of which were suspended on conditions.  The Sixth District Court of Appeals affirmed Eschrich's conviction on June 20, 2008.  On August 4, 2008 Eschrich filed a Notice of Appeal and Memorandum in Support of Jurisdiction in the Supreme Court of Ohio, raising two issues of law:

> Proposition of Law No. I: A final civil stalking protection order issued purportedly under R.C. 2903.214 where the court has failed to give notice of the full hearing to respondent in violation of both the local rules and R.C. 2903.214(D)(2)(a), deprives the respondent of fundamental due process as guaranteed under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution and is thus

---

[1]  The incidents allegedly occurred on February 22, March 4, and March 7, 2006.

[2] *See Fahey v. Eschrich*, No. OT-06-012, 2006-Ohio-5619, 2006 Ohio App. LEXIS (6th Dist.)

transparently invalid and void, such that the respondent may not be criminally convicted of recklessly violating it under R.C. 2919.27(A)(2).

Proposition of Law No. II: The Sixth Amendment to the United States Constitution, along with Section 10, Article I of the Ohio Constitution and Ohio Crim. Rule 44 require that a criminal defendant may not be permitted to represent himself at trial unless the trial court ensures that the defendant has knowingly, voluntarily, and intelligently waived his right to counsel , in an on-the-record exchange of some sort, even if the criminal defendant is an attorney.

(Doc. 9, Ex. 11.)  The Supreme Court denied leave to appeal and dismissed the case for lack of a substantial constitutional question. (Doc. 9, Ex. 8.)  While  Eschrich was still incarcerated, he filed a Petition for Writ of Habeas Corpus in this Court, raising twelve grounds.

In a Report and Recommendation (R&R), Magistrate Judge McHargh recommended that Eschrich's Petition for a Writ of Habeas Corpus be denied because Eschrich failed to demonstrate that the state court's decisions on grounds one and two were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Further, Magistrate McHargh found that grounds three through twelve were procedurally defaulted.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) requires this court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made.  Accordingly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or report  to which objection is

made and the basis for such objections."  A district judge "shall make *de novo*

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the Magistrate Judge."  *Id.*


**III.     LAW AND ANALYSIS**

### A.     Habeas Corpus Review

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under the

AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect

to any claim which was adjudicated on the merits by a state court. The Supreme Court,

in *Williams v. Taylor*, stated in relevant part:

> Under § 2254(d)(1), the writ may issue only if one of the
> following two conditions is satisfied – the state-court
> adjudication resulted in a decision that (1) "was contrary to . .
> . clearly established federal law, as determined by the
> Supreme Court of the United States," or (2) "involved an
> unreasonable application of . . .clearly established Federal law,
> as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may
> grant the writ if the state court arrived at a conclusion opposite
> to that reached by this Court on a question of law or if the state
> court decides a case differently than this Court has on a set of
> materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that
> principle to the facts of the petitioner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002); *see also Lorraine v. Coyle*, 291 F.3d

416, 421-22 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set forth in

[Supreme Court] cases." *Williams*, 529 U.S. at 405; *see also Price v. Vincent*, 538 U.S.

634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

### B.     Exhaustion and Procedural Default

State prisoners must first exhaust their available state court remedies before seeking habeas relief by presenting all of their claims to state courts. 28 U.S.C. § 2254(b)-(c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *White v. Mitchell*, 431 F.3d 517, 525-26 (6th Cir. 2005), *cert. denied*, 127 S. Ct. 578 *and* 581 (2006).  Furthermore, a petitioner bears the burden of proving he has exhausted his state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Furthermore, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (quoting *Coleman v. Thompson*, 501 U.S. 722, 751).

### C.     The Actual Innocence Exception to the Procedural Default Doctrine Does Not Apply to Grounds Six, Seven, Eight, Nine, and Ten.

In his Objections to Magistrate McHargh's Report and Recommendation, Eschrich argues that the actual innocence exception (or miscarriage of justice

5

exception)  to the procedural default doctrine applies to grounds six through ten.

Chiefly, Eschrich points to *Schulp v. Delo*, 513 U.S. 298 (1995), which states that if a

petitioner can show that a "constitutional violation has probably resulted in the

conviction of one who is actually innocent," the district court should consider the merits

of the federal constitutional claim.  Eschrich argues that R.C. 2919.27(A), the statute

under which he was convicted, provides that "[n]o person shall recklessly violate the

terms of any . . . protection order issued pursuant to section 2903.213 or 2903.214 . . .

of the Revised Code." (Doc. 20.)  The order statute 2903.214(F)(1) states that the "court

shall direct that a copy of the order be delivered to the respondent on the same day that

the order is entered."  Eschrich argues that because he did not receive a copy of the

order until twelve days after its entry, and because the jury was not instructed that it was

required to find beyond a reasonable doubt that the civil stalking protection order was

issued "pursuant to" R.C. 2903.214, he is factually innocent.  Eschrich then avers that

"neither the Respondent nor the Magistrate have posited that Mr. Eschrich is *not*

actually innocent." (Doc. 20) (emphasis in original).

Petitioner Eschrich obscures a relevant portion of *Schlup*, which states that

establishing actual innocence:

> . . . does not merely require a showing that a reasonable doubt
> exists in the light of the new evidence, but rather that *no
> reasonable juror would have found the defendant guilty*. Thus,
> a petitioner does not meet the threshold requirement unless he
> persuades the district court that, in light of the new evidence,
> no juror, acting reasonably, would have voted to find him guilty
> beyond a reasonable doubt."

*Schlup* 513, U.S. at 329; *See, e.g.*, *In re Byrd*, 269 F.3d 563, 573-74 (6th Cir. 2001)

(holding that petitioner must show that, more likely than not, no reasonable juror could

convict the defendant in consideration of the newly presented evidence) (emphasis

added).  In addition, the Sixth Circuit has held that, even when meritorious constitutional

claims exist, a petitioner cannot establish a miscarriage of justice exception absent "new

6

fact" or factual innocence.  *See Souter v. Jones*, 395 F.3d 577, 589-90 (2005) (citing *Schlup*, 513 U.S. at 316).  *Souter* goes on to state that "[t]he [Supreme] Court has noted that 'actual innocence means factual innocence, not mere legal insufficiency.") 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Here, as stated in the Magistrate's Report and Recommendation, Eschrich provides no "new evidence" of his factual innocence.  Even if Eschrich's contention that he was not provided with the actual notice of the hearing and the jury was not instructed "pursuant to" R.C 2903.214 were "new evidence," it appears to be an argument of "mere legal insufficiency." That is, Eschrich proffers no new evidence of his actual innocence, merely evidence that he was not notified of the final hearing. Instead, the record indicates that Eschrich had actual notice of the temporary stalking protection order because he filed objections to the magistrate's decision of the final protection order.

In his Objections to the Report & Recommendation, Petitioner states that "[i]t should be kept in mind that neither the Respondent nor the Magistrate have posited that Mr. Eschrich *is not* actually innocent." (emphasis in original).  It is "the petitioner," however, that "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.  In the case at bar, Petitioner has failed to show the Court that his case is an "extraordinary" one in which the miscarriage of justice exception should apply to excuse his procedural default. *Id* (quoting *McCleskey v. Zant*, 499 U.S. 467 (1991)).  Consequently, the third through twelfth grounds of the Petition have been procedurally defaulted.

### D.     The First Ground of the Petition is Without Merit Because the Invalidity of a Protection Order Does Not Provide a Defense to a Willful Violation of the Order.

Eschrich argues that "[t]he Magistrate incorrectly determined that Ground One of the Petition lacks merit."  Specifically, Eschrich argues that his conviction under R.C.

7

2919.27(A) is unconstitutional under the Fourteenth Amendment because the protection order he was convicted of violating was a transparently invalid order." (Doc. 20 at 11.) Eschrich relies on *In re Providence Journal Co.*, 820 F.2d 1342, 1247 (1st Cir. 1986) in his contention that Court orders that are transparently invalid are void, and need not be obeyed.

*In re Providence* also states, however, that "[w]hile one may violate a statute and raise as a defense the statute's unconstitutionality, such is not generally the case with a court order." 820 F.2d 1342, 1247.  Moreover, in his objections, Eschrich posits no response to the Magistrate's point that the state court of appeals overruled his assignment of error on this argument.  The state Court of Appeals found that the invalidity of a protection order does not provide a defense to a willful violation of the order.  *United States v. United Mine Workers of America*, 330 U.S. 258, 293 (1947) (finding that, even without regard to its unconstitutionality, "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"); see also *State v. Sutts*, 12th Dist. No. CA2003-07-074, 2004-Ohio-351 (holding the same).  Accordingly, the court found:

> At the time that appellant violated the protective order in the present case, it had not yet been declared invalid by order of this court. Accordingly, his reckless violation of that order was a crime and the trial court did not err in denying his motion to vacate or in proceeding to sentence him.

(Doc. 9, Ex. 7, at p. 6).

As the Magistrate stated in the Report & Recommendation, "the conviction before this court concerns [Eschrich's] March 7, 2006 violation of the protection order," not the *final* protection order (Doc. 18 at 14) (emphasis added).  Accordingly, Eschrich did have actual notice of the stalking protection order prior to March 7, 2006, "because he was notified of the magistrate's decision issuing the final protection order, and he filed objections to that decision on Feb. 28, 2006." (Doc. 18 at 14).  Thus, because Eschrich

8

disobeyed the court's order prior to its reversal, his reckless violation was still a crime. Therefore, Eschrich has not shown that the stalking protection order was "transparently invalid or patently frivolous," and the Petition should not be granted on the first ground.

> **E.      The State Court's Decision Was Not Contrary To or an Unreasonable Application of Supreme Court Precedent.**

In his objections to the Report and Recommendation, Petitioner also contends that the Magistrate incorrectly determined that Ground Two of the Petition lacks merit. In Ground Two of the Petition, Eschrich argues that his Sixth and Fourteenth Amendment rights were violated where the trial court did not ensure that he waived his right to counsel knowingly, voluntarily, and intelligently before permitting him to represent himself.  Eschrich argues, inter alia, that the court must have an on-the-record exchange with the defendant prior to permitting him to proceed pro se.

As previously stated, under § 2254(d)(1), a writ may issue if the state-court adjudication resulted in a decision that "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams*, 529 U.S. at 412-413.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law *set forth* in [Supreme Court] cases." *Id.* at 405 (emphasis added).  However, the law set forth in Supreme Court cases is hardly clear.

In order for a defendant to continue pro se, he must knowingly, voluntarily, and intelligently waive his right to counsel.  *Faretta v. California*, 422 U.S. 806, 835 (1975). In fact, in order to ensure a valid waiver of counsel, a judge should conduct a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and his or her awareness of the disadvantages of self-representation. *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004).  However, the judge's failure to hold a waiver hearing may not be sufficient error to warrant reversal, particularly if the trial record otherwise

9

demonstrates a knowing and intelligent wavier.  *See, e.g.*, *United States v. Campbell*, 874 F.2d 838, 846 (1st Cir. 1989) (disallowing reversal despite lack of on-the-record exchange because defendant was experienced criminal attorney); *Dallio v. Spitzer*, 343 F.3d 553, 565 (2d Cir. 2003) (disallowing reversal even though judge did not warn of dangers of self-representation because defendant was a five-time convicted felon and had knowledge of his right to counsel); *King v. Bobby*, 433 F.3d 483, 492-94 (6th Cir. 2006) (no reversal despite failure to perform "involved inquiry" because record indicated knowing and intelligent waiver). *But see, e.g.*, *United States v. Herrera-Martinez*, 985 F.2d 298, 302 (6th Cir. 1993) (reversing because court did not make express finding that defendant was competent to waive right to counsel).

The split in the courts indicates the lack of "clearly established Supreme Court precedent."  Thus, because the Supreme Court has not conclusively addressed the waiver issue at bar, the state court's decision is not contrary to, nor an unreasonable application of "the governing law set forth in [Supreme Court] cases."

Accordingly, Eschrich has failed to show that the state court's decision is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. The Petition is denied on the second ground.


## CONCLUSION

Petitioner's Writ of Habeas Corpus is denied.  First, Eschrich has failed to establish that the state court's decisions regarding grounds one or two were contrary to, or involved an unreasonable application of clearly established Supreme Court precedent.  Next, Eschrich has failed to exhaust claims three through twelve in the state courts, rendering them procedurally defaulted.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of

10

a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date:8/5/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge